## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ALEXANDRA LUVISI** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-14665** |
| | ) | |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **GORIS FINANCIAL GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Alexandra Luvisi ("Plaintiff"), by and through her undersigned counsel, complaining of Goris Financial Group, Inc. ("Defendant") as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.  Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*., seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA is a federal statute.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the ADA have been satisfied.

5.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Highland Park, Illinois.

8.      Defendant is a corporation that specializes in insurance and broker services. Defendant' principal place of business is located in Skokie, Illinois.

9.      Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

10.     During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Defendant as a Contract, License, and Registration Coordinator ("CLR Coordinator") from August 2022 until her unlawful termination on April 17, 2023 on the basis of her disability.

12.     As a CLR Coordinator, Plaintiff's duties included, but were not limited to, the

following:

- Leading the internship program;
- Leading intern meetings;
- Facilitating and handling tasks associated with the contracting, licensing, and registration of new financial representatives; and
- Manage the contracting, licensing, and registration process as a whole.

13.     Plaintiff suffers from severe irritable bowel syndrome, a recognized disability under the ADA.

14.     Accordingly, Plaintiff is a member of a protected class under the ADA.

15.     Plaintiff's disability requires Plaintiff to take medication, remain close to a restroom, take multiple trips to the restroom as a result of an inability to control her bowels, and severe abdominal pain associated with bowel movements that regularly leaves her immobilized due to the pain.

16.     As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

17.     Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of her job with or without accommodations.

18.     Plaintiff excelled at the essential functions of her job as evidenced by consistent positive performance reviews and an increase in job responsibilities.

19.     Plaintiff is a "qualified individual" as defined under the ADA.

20.     Plaintiff disclosed her disability to Defendant upon hiring and requested accommodations for the same (being able to freely use the restroom at any time).

21.     Due to Plaintiff's disability, Plaintiff maintained a weekly work schedule that consisted of three days in the office and two days remotely from home.

22.     As Plaintiff's condition worsened, her doctor recommended that Plaintiff work from home on days her disability flared up and gave Plaintiff a note to that effect.

23.     On or about April 14, 2023, Management demanded that Plaintiff start coming into the office four days a week despite their previous agreement to allow Plaintiff to regularly work remotely.

24.     On the same day that Management requested that Plaintiff work from the office four days per week, Plaintiff provided the aforementioned doctor's note to Jennifer Bielfeldt, Defendant's Director of Operations, Heather Price, and Connie Moroz.

25.     On or about April 17, 2023, Ms. Bielfeldt contacted Plaintiff via email and asked for clarification about how the doctor's recommendation would impact her schedule and ability to perform her duties.

26.     In response, Plaintiff assured Ms. Bielfeldt that her condition and doctor's recommendation would not impact her schedule or ability to perform her duties.

27.     Further, Plaintiff assured Ms. Bielfeldt that she would only work remotely when her disability flared up.

28.     Two hours after the email exchange with Ms. Bielfeldt, Plaintiff was inexplicably terminated.

29.     Defendant did not even attempt to provide a pre-textual reason for Plaintiff's termination.

30.     Other employees without a disability that requested to work from home were treated more favorably than Plaintiff and not subjected to the same fate (termination).

31.     Defendant objectively failed to engage in an interactive process to determine the

4

appropriate accommodations for Plaintiff's disability and instead punished her for exercising her rights under the ADA.

32.     Defendant's conduct in punishing Plaintiff for engaging in protected activity constitutes unlawful ADA retaliation.

33.     Rather than accommodate Plaintiff's disability, Defendant opted to terminate Plaintiff's employment in order to skirt its obligations under the ADA.

34.     Plaintiff's termination came as a complete shock to Plaintiff in light of the consistent positive reviews and feedback that she received prior to her request for a disability-based accommodation.

35.     Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance but was instead solely based on Plaintiff's disability and Plaintiff's invocation of her rights under the ADA.

36.     As a direct and proximate result of the discrimination set forth herein, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, distress, severe humiliation and embarrassment, and loss of enjoyment of life.

37.     Despite Plaintiff's best efforts to mitigate her damages, Plaintiff has been unsuccessful in securing new employment. Specifically, Plaintiff has applied for no less than 100 positions since her termination.

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

38.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

40.     As set forth above, Plaintiff met or exceeded performance expectations.

41.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42.     As set forth above, Defendant immediately terminated Plaintiff after she requested a disability-based accommodation and therefore discriminated against Plaintiff solely based on her disability.

43.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

44.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

45.     Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

46.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

47.     Plaintiff is a qualified individual with a disability.

48.     Defendant was aware of Plaintiff's disability and need for accommodations.

49.     Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

50.     Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

51.     Defendant failed to accommodate Plaintiff's disability and instead terminated

Plaintiff immediately after Plaintiff made her request for an accommodation.

52. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

53. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

<u>**COUNT III**</u>
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

54. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

55. During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

57. Defendant retaliated against Plaintiff for exercising her rights under the ADA by immediately terminating Plaintiff's employment.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff for exercising her rights under the ADA.

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

61. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests the following relief:

a.   Back pay with interest;

b.   Payment of interest on all back pay recoverable;

c.   Loss of benefits;

d.   Liquidated damages;

e.   Compensatory and punitive damages;

f.   Reasonable attorneys' fees and costs;

g.   An award of pre-judgment interest if applicable; and

h.   An award of any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 9, 2023                    Respectfully submitted,


                                          ***/s/ Mohammed O. Badwan,***
                                          Mohammed O. Badwan
                                          SULAIMAN LAW GROUP, LTD.
                                          2500 South Highland Avenue
                                          Suite 200
                                          Lombard, Illinois 60148
                                          (630) 575-8180
                                          mbadwan@sulaimanlaw.com