**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINNOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRA LUVISI, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-14665 |
| | ) | |
| v. | ) | District Judge Sara L. Ellis |
| | ) | |
| GORIS FINANCIAL GROUP, INC., | ) | Magistrate Judge Gabriel L. Fuentes |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT GORIS FINANCIAL GROUP, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant, GORIS FINANCIAL GROUP, INC. ("Defendant"), by and through its undersigned counsel, O'HAGAN MEYER LLC, and for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*., seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

**ANSWER:** Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies failing to accommodate Plaintiff's alleged disability, denies engaging in "disability-based" harassment, denies retaliating against Plaintiff for engaging in protected activity under the ADA and denies any remaining allegations.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA is a federal statute.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits the ADA is a federal statute and that claims brought pursuant to the ADA are properly heard in federal court. Defendant denies any remaining allegations.**

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER: Defendant does not context venue.**

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

5. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits that Plaintiff attaches as Exhibit A to her Complaint what she purports to be a true and accurate copy of her charge of discrimination filed with the IDHR. While Defendant lacks information sufficient to form a belief as to the authenticity of Exhibit A, Defendant admits it received notice of a charge of discrimination filed by Plaintiff with the IDHR sometime after its filing**

**on May 8, 2023. In further answering, Defendant denies Plaintiff has a viable cause of action against it under either the allegations set forth in the charge of discrimination or the instant Complaint.**

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits that Plaintiff attaches as Exhibit B to her Complaint what she purports to be a true and accurate copy of a Notice of Right to Sue from the EEOC. Defendant admits that the Notice states that Plaintiff was provided a right to sue based solely on the EEOC's inability to complete its investigation in 180 days of the date the charge was filed. Defendant admits that the EEOC made no finding of fact, nor did it find merit in Plaintiff's claims and/or allegations. Defendant denies any remaining allegations.**

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Highland Park, Illinois.

**ANSWER: Upon information and belief, admit.**

8. Defendant is a corporation that specializes in insurance and broker services. Defendant' principal place of business is located in Skokie, Illinois.

**ANSWER: Defendant admits it is a corporation with a home office located in Skokie, Illinois and that it provides financial planning services as well as offers insurance coverage to its customers. Defendant denies any remaining allegations.**

9. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant employed Plaintiff during the relevant time period.**

10. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by the ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant employed at least fifteen employees during the relevant time period.**

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a Contract, License, and Registration Coordinator ("CLR Coordinator") from August 2022 until her unlawful termination on April 17, 2023 on the basis of her disability.

**ANSWER: Defendant admits it employed Plaintiff as a Contract, License, and Registration Coordinator ("CLR Coordinator") from August 2022 through her lawful termination on April 17, 2023. Defendant denies Plaintiff's termination was unlawful and that it was based on her alleged disability. Defendant admits complying with the ADA during all relevant time periods.**

12. As a CLR Coordinator, Plaintiff's duties included, but were not limited to, the following:

- Leading the internship program;
- Leading intern meetings;

- Facilitating and handling tasks associated with the contracting, licensing, and
- Registration of new financial representatives; and
- Manage the contracting, licensing, and registration process as a whole.

**ANSWER:** **Defendant denies that Plaintiff was responsible for leading the internship program. Defendant admits the other above referenced duties did fall under Plaintiff's position as CLR Coordinator, but that many of these tasks were shared by other employees who worked with Plaintiff.**

13. Plaintiff suffers from severe irritable bowel syndrome, a recognized disability under the ADA.

**ANSWER:** **Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

14. Accordingly, Plaintiff is a member of a protected class under the ADA.

**ANSWER:** **Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

15. Plaintiff's disability requires Plaintiff to take medication, remain close to a restroom, take multiple trips to the restroom as a result of an inability to control her bowels, and severe abdominal pain associated with bowel movements that regularly leaves her immobilized due to the pain.

**ANSWER:** **Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

16. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

**ANSWER:** **Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

17. Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of her job with or without accommodations.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies Plaintiff performed the requirements of her job as she was ultimately terminated for poor performance. Defendant denies any remaining allegations.**

18. Plaintiff excelled at the essential functions of her job as evidenced by consistent positive performance reviews and an increase in job responsibilities.

**ANSWER: Defendant denies Plaintiff performed the requirements of her job as she was ultimately terminated for poor performance. Defendant denies any remaining allegations.**

19. Plaintiff is a "qualified individual" as defined under the ADA.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

20. Plaintiff disclosed her disability to Defendant upon hiring and requested accommodations for the same (being able to freely use the restroom at any time).

**ANSWER: Denied.**

21. Due to Plaintiff's disability, Plaintiff maintained a weekly work schedule that consisted of three days in the office and two days remotely from home.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies Plaintiff's work schedule was related to any claimed "disability". In fact, prior to April 1, 2023, all employees of Defendant were on a hybrid schedule of 3-days in the office. Defendant denies any remaining allegations.**

22. As Plaintiff's condition worsened, her doctor recommended that Plaintiff work from home on days her disability flared up and gave Plaintiff a note to that effect.

**ANSWER: Defendant denies that Plaintiff's doctor acknowledged she had a disability. In further answering, the note is a written document which could have been attached as an exhibit and speaks for itself.**

23. On or about April 14, 2023, Management demanded that Plaintiff start coming into the office four days a week despite their previous agreement to allow Plaintiff to regularly work remotely.

**ANSWER: Defendant admits that sometime in April of 2023, it asked employees from certain departments to start coming into the office four days a week instead of three days a week as was previously allowed. Defendant denies the remaining allegations.**

24. On the same day that Management requested that Plaintiff work from the office four days per week, Plaintiff provided the aforementioned doctor's note to Jennifer Bielfeldt, Defendant's Director of Operations, Heather Price, and Connie Moroz.

**ANSWER: Defendant admits that at some point after informing employees to come into the office four days a week, Plaintiff provided a doctor's note to Defendant. Defendant denies the request to work from the office was made the same date of receiving the doctor's note; rather, was requested weeks prior. Defendant denies any remaining allegations.**

25. On or about April 17, 2023, Ms. Bielfeldt contacted Plaintiff via email and asked for clarification about how the doctor's recommendation would impact her schedule and ability to perform her duties.

**ANSWER: Defendant admits Ms. Bielfeldt emailed Plaintiff the morning of April 17, 2023 acknowledging the note and asked Plaintiff whether she needed to work from home in the mornings. Defendant further states the email is a written document that speaks for itself.**

26. In response, Plaintiff assured Ms. Bielfeldt that her condition and doctor's recommendation would not impact her schedule or ability to perform her duties.

**ANSWER: Denied.**

27. Further, Plaintiff assured Ms. Bielfeldt that she would only work remotely when her disability flared up.

**ANSWER: Denied.**

28. Two hours after the email exchange with Ms. Bielfeldt, Plaintiff was inexplicably terminated.

**ANSWER: Defendant terminated Plaintiff on April 17, 2023, after plans were made to do so weeks prior to her termination. In further answering, Defendant restructured Plaintiff's department as well as a related department resulting in multiple terminations and employment changes. Those multiple terminations and employment changes were made around the time of Plaintiff's termination and had nothing to do with claimed disabilities or requests for accommodations pursuant to the ADA.**

29. Defendant did not even attempt to provide a pre-textual reason for Plaintiff's termination.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Plaintiff was informed that her termination was based on a legitimate business reason related to poor performance**

30. Other employees without a disability that requested to work from home were treated more favorably than Plaintiff and not subjected to the same fate (termination).

**ANSWER: Denied.**

31. Defendant objectively failed to engage in an interactive process to determine the appropriate accommodations for Plaintiff's disability and instead punished her for exercising her rights under the ADA.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

32. Defendant's conduct in punishing Plaintiff for engaging in protected activity constitutes unlawful ADA retaliation.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

33. Rather than accommodate Plaintiff's disability, Defendant opted to terminate Plaintiff's employment in order to skirt its obligations under the ADA.

**ANSWER: Denied.**

34. Plaintiff's termination came as a complete shock to Plaintiff in light of the consistent positive reviews and feedback that she received prior to her request for a disability-based accommodation.

**ANSWER: Defendant was told on multiple occasions that her work performance needed to improve. In further answering, Defendant restructured Plaintiff's department as well as a related department resulting in multiple terminations and employment changes. Those multiple terminations and employment changes were made around the time of Plaintiff's**

**termination and had nothing to do with claimed disabilities or requests for accommodations pursuant to the ADA.**

35. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance but was instead solely based on Plaintiff's disability and Plaintiff's invocation of her rights under the ADA.

**ANSWER: Denied.**

36. As a direct and proximate result of the discrimination set forth herein, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, distress, severe humiliation and embarrassment, and loss of enjoyment of life.

**ANSWER: Defendant denies it wrongfully terminated Plaintiff and therefore denies Plaintiff incurred recoverable damages based on Defendant's termination.**

37. Despite Plaintiff's best efforts to mitigate her damages, has been unsuccessful in securing new employment. Specifically, Plaintiff has applied for no less than 100 positions since her termination.

**ANSWER: Defendant denies it wrongfully terminated Plaintiff and therefore denies Plaintiff incurred recoverable damages based on Defendant's termination. Defendant denies any remaining allegations.**

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

**ANSWER: Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 37 as if fully set forth herein.**

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

**ANSWER:** **Denied.**

40. As set forth above, Plaintiff met or exceeded performance expectations.

**ANSWER:** **Denied.**

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER:** **Denied.**

42. As set forth above, Defendant immediately terminated Plaintiff after she requested a disability-based accommodation and therefore discriminated against Plaintiff solely based on her disability.

**ANSWER:** **Denied.**

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

**ANSWER:** **Denied.**

44. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** **Denied.**

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

45. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

**ANSWER:** **Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 38 as if fully set forth herein.**

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

**ANSWER: Denied.**

47. Plaintiff is a qualified individual with a disability.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

48. Defendant was aware of Plaintiff's disability and need for accommodations.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits Plaintiff stated she wanted to sit closer to the office bathroom and that her request was honored.**

49. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

50. Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

51. Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff immediately after Plaintiff made her request for an accommodation.

**ANSWER: Denied.**

52. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

**ANSWER: Denied.**

53. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

**ANSWER: Denied.**

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

54. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

**ANSWER: Defendant repeats, re-alleges and incorporates by reference its answers to Paragraphs 1 through 37 as if fully set forth herein.**

55. During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

**ANSWER: Defendant objects to the extent these allegations seek a legal conclusion to which no response is required. To the extent an answer is required, denied.**

57. Defendant retaliated against Plaintiff for exercising her rights under the ADA by immediately terminating Plaintiff's employment.

**ANSWER: Denied.**

58. By virtue of the foregoing, Defendant retaliated against Plaintiff for exercising her rights under the ADA.

**ANSWER:	Denied.**

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER:	Denied.**

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

**ANSWER:	Denied.**

61. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**ANSWER:	Denied.**

## AFFIRMATIVE DEFENSE

Without assuming any burden of proof that it would not otherwise bear, Defendant, Goris Financial Group, Inc., asserts the following additional defenses. Nothing in these defenses constitutes or should be read as an admission of liability by Defendant. The defense below incorporates Defendant's answers stated above, and each defense incorporates the allegations in the others.

### First Affirmative Defense

Defendant avers that it has a written policy related to its status as an Equal Employment Opportunity, which states, *inter alia*, that:

1) Defendant prohibits discrimination against any of its employees due to race, sex, religion, pregnancy, age, national origin, sexual orientation (including employees

with issues related to gender identity or transgender status), marital status, disability or any other classification protected by law. This covers any decisions related to hiring, pay, promotions, discipline or discharge.

2) Defendant prohibits any harassment or retaliation of any employee based on that employee's assertion of his or her rights under the law.

Here, Defendant took reasonable stopes to prevent discrimination and harassment from occurring. Based on the foregoing, Defendant avers that Plaintiff was not discriminated against and incurred no damages. Therefore, Plaintiff's claims should be dismissed.

## Second Affirmative Defense

Defendant avers that it has a written policy related to its compliance with the Americans with Disabilities Act, which states, *inter alia*, that:

1) Defendant will make every effort to comply with the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA) and any other state or federal law that protects disabled employees or applicants from job discrimination.

2) Employees who have a temporary or permanent disability are treated without discrimination in accordance with the law.

Here, Defendant took reasonable steps to prevent discrimination against Plaintiff and all other employees in accordance with the ADA. Based on the foregoing, Defendant avers that Plaintiff was not discriminated against based on her alleged disability. Therefore, Plaintiff's claims should be dismissed.

## Prayers For Relief

Wherefore, Goris Financial Group, Inc. prays this Court:

A. Dismiss the complaint against Goris Financial Group, Inc. *with prejudice*;

      B.      Deny Plaintiff any relief from Goris Financial Group, Inc.;

      C.      Enter judgment in favor of Goris Financial Group, Inc.; and

      D.      Grant Goris Financial Group, Inc. its costs and such other and further relief as this Court may deem just and equitable under the circumstances.

Dated: November 30, 2023

    Respectfully Submitted,

    */s/ Jason L. Santos*
    Attorney for Defendant
    Goris Financial Group, Inc.

Sheri A. Mercier
Jason L. Santos
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
smercier@ohaganmeyer.com
jsantos@ohaganmeyer.com

## CERTIFICATE OF SERVICE

  This is to certify that on this 30th day of November, 2023, I electronically filed **Defendant's Answer to Plaintiff's Complaint**, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEY FOR PLAINTIFF:**
**SULAIMAN LAW GROUP LTD.**
Mohammed O. Badwan, Esq.
2500 S. Highland Avenue, 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com


/s/ Jason L. Santos
Sheri A. Mercier
Jason Santos
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
smercier@ohaganmeyer.com
jsantos@ohaganmeyer.com